UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

2025 APR 10 P 4 05

Nathan Reardon, Plaintiff,
v.
United States of America, Defendant.
Civil Action No.

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF TO RESTORE SECOND AMENDMENT RIGHTS

### Introduction

1. Plaintiff Nathan Reardon, a resident of Maine, brings this civil action under 28 U.S.C. § 2201 for a declaratory judgment and injunctive relief to restore his Second Amendment right to keep and bear arms.
2. Plaintiff challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him, a non-violent felon, following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).
3. Plaintiff previously sought this relief via a motion in his criminal case, *USA v. Reardon*, No. 1:21-cr-00061-LEW (D. Me.), but the government opposed that motion on procedural grounds (Dkt. #233, Mar. 31, 2025). Plaintiff now files this complaint to properly commence a civil action as required by Fed. R. Civ. P. 2 and 3.

### Jurisdiction and Venue
4. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201 (declaratory judgment).
5. Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff resides in Maine, and the underlying criminal case occurred in this district.

### Parties
6. Plaintiff Nathan Reardon is a resident of Maine with no violent criminal history, seeking to possess firearms for lawful purposes such as self-defense and hunting.
7. Defendant United States of America enforces 18 U.S.C. § 922(g)(1), which prohibits Plaintiff from possessing firearms due to his prior felony conviction.

### Statement of Facts
8. On May 13, 2021, Plaintiff was indicted in the District of Maine for bank fraud (18 U.S.C. § 1344, Counts 1-5), attempted wire fraud (18 U.S.C. §§ 1343, 1349, Counts 6-8), making false statements to a bank (18 U.S.C. § 1014, Counts 9-10), and perjury (18 U.S.C. § 1623(c), Count 11). (*USA v. Reardon*, No. 1:21-cr-00061-LEW, Dkt. #20).
9. On November 3, 2022, Plaintiff was sentenced to 20 months imprisonment on Counts 1-5, to be served concurrently, followed by 3 years of supervised release, a $500 special assessment, and $60,316.39 in restitution. (Dkt. #3, Sentencing Transcript at 2).

10. Plaintiff completed his imprisonment term and began supervised release on or about July 3, 2024 (20 months from November 3, 2022, assuming no early release adjustments). His supervised release is set to end on or about July 3, 2027.

11. Plaintiff's convictions stem from a non-violent scheme involving fraudulent PPP loan applications during the COVID-19 pandemic. The actual loss was $59,000, though the intended loss was higher, leading to a 10-level guideline increase. (Sentencing Transcript at 44-46).

12. Plaintiff has no history of violence. His criminal conduct involved financial fraud, not physical harm or threats. (Sentencing Transcript at 49-53).

13. During sentencing, Plaintiff expressed remorse, noting the impact of his incarceration on his family, including his five children (ages 14 to 1 at the time) and wife, Heather Reardon. (Sentencing Transcript at 67-71).

14. Plaintiff also highlighted health issues exacerbated by incarceration, including Type 2 diabetes, a high A1c level (7.8), thyroid tumors requiring surgery, and chronic back pain from a prior spinal fusion. (Sentencing Transcript at 72-74).

15. Since his release, Plaintiff has complied with supervised release conditions, maintained employment, and supported his family, demonstrating rehabilitation.

16. On July 9, 2021, the court modified Plaintiff's release conditions to explicitly prohibit firearm possession (Dkt. #55), reinforcing the § 922(g)(1) ban.

17. Plaintiff seeks to possess firearms for lawful purposes but is barred by § 922(g)(1) due to his non-violent felony convictions.

**Legal Claim: Second Amendment Violation**

18. The Second Amendment protects the right of "the people" to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570 (2008).

19. In *Bruen*, the Supreme Court held that firearm regulations must be consistent with the nation's historical tradition of firearm regulation. The government bears the burden of proving such a tradition exists. 142 S. Ct. at 2126.

20. No historical tradition supports a lifetime firearm ban for non-violent felons like Plaintiff. See *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (en banc) (holding § 922(g)(1) unconstitutional as applied to a non-violent felon with a false statement conviction); *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024) (same for a felon with non-violent drug and fleeing convictions).

21. In *United States v. Rahimi*, 144 S. Ct. 1889 (2024), the Supreme Court upheld § 922(g)(8) for individuals posing a "clear threat of physical violence," a standard Plaintiff does not meet as a non-violent offender.

22. Plaintiff's bank fraud and related convictions involved no violence or threat to public safety, placing him within "the people" protected by the Second Amendment.

23. The First Circuit has not yet ruled on an as-applied challenge to § 922(g)(1) for non-violent felons post-*Bruen*, but persuasive authority from other circuits supports Plaintiff's claim.

24. Plaintiff's rehabilitation, lack of violent history, and family responsibilities further demonstrate that § 922(g)(1) is unconstitutional as applied to him.

**Request for Relief**

Plaintiff respectfully requests:

1. A declaratory judgment that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Nathan Reardon.
2. A permanent injunction barring the United States from enforcing § 922(g)(1) against Plaintiff with respect to firearm possession.
3. Waiver of the filing fee under 28 U.S.C. § 1915, or in the alternative, permission to pay the fee in installments, due to Plaintiff's financial hardship.
4. Such other relief as the Court deems just and proper.

**Respectfully submitted,**
Nathan Reardon, Pro Se
PO Box 52
Detroit, ME 04929
207-745-7575
nathan@membershipauto.com
Date: April 7th, 2025