UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, Plaintiff, | ) | |
| v. | ) | 1:25-cv-00154-SDN |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Nathan Reardon, pro se, sued the United States of America to restore his Second Amendment rights. ECF No. 1. Specifically, he challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him. *Id*. The Government moved to dismiss, arguing Mr. Reardon failed to state a claim upon which relief can be granted. ECF No. 24. Mr. Reardon neither timely responded to the motion nor sought an extension of the response deadline. For the following reasons, the Court **DISMISSES** the case.

## I. Procedural History

On November 3, 2022, this Court adjudicated Mr. Reardon guilty of five counts of bank fraud for fraudulently obtaining Paycheck Protection Program ("PPP") loans during the Covid-19 pandemic.[1] *United States v. Reardon*, Dkt. No. 21-cr-00061, ECF No. 159 (D. Me. Nov. 3, 2022); Dkt. No. 21-cr-00061, ECF No. 20. The Court ultimately sentenced Mr. Reardon to concurrent terms of twenty months' imprisonment, three years of supervised release, and $60,316.39 in restitution. Dkt. No. 21-cr-00061, ECF No. 159. The Court ordered conditions of supervised release, which it later modified after a government

[1] The Court takes judicial notice of the record in Mr. Reardon's underlying criminal case. *See Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) ("[A] court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment.").

motion. *See* Dkt. No. 21-cr-00061, ECF No. 201. The conditions included the following prohibition: "You must not own, possess, or have access to a firearm, destructive device, or dangerous weapon." *Id.* at 4. The conditions did not cite or otherwise invoke 18 U.S.C. § 922(g)(1). *See id.* Both the original and amended judgments included the condition forbidding Mr. Reardon from owning, possessing, or accessing a firearm. *Compare* Dkt. No. 21-cr-00061, ECF No. 159 at 4 *with* Dkt. No. 21-cr-00061, ECF No. 201 at 4.

On March 20, 2025, Mr. Reardon filed a motion in his criminal case for "declaratory judgment and injunctive relief to restore Second Amendment rights." Dkt. No. 21-cr-00061, ECF No. 232. He argued § 922(g)(1) is unconstitutional, but his motion neither challenged the firearm-related condition of supervised release nor sought its modification. *See id.* The Government opposed the motion and asserted any such claim required a separate civil action. Dkt. No. 21-cr-00061, ECF No. 235. On April 29, 2025, the Court denied the motion. Dkt. No. 21-cr-00061, ECF No. 241.

On April 10, 2025, Mr. Reardon filed the instant action, again seeking declaratory and injunctive relief "to restore his Second Amendment rights." ECF No. 1 ¶ 1. He brings an as-applied challenge to the constitutionality of 18 U.S.C. § 922(g)(1) pursuant to *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). ECF No. 1 ¶ 2. Mr. Reardon contends § 922(g)(1) cannot constitutionally apply to him because historical tradition does not support a lifetime firearm prohibition for "non-violent felons like Plaintiff." *Id.* ¶ 20. He emphasizes his bank-fraud convictions did not involve violence and argues he presents no "clear threat of physical violence." *Id.* ¶ 21. On that basis, he asserts § 922(g)(1) should not bar him from possessing firearms. *Id.* The complaint mentions his supervised release condition but does not separately challenge it, stating only, "the Court

modified Plaintiff's release conditions to explicitly prohibit firearm possession [], reinforcing the § 922(g)(1) ban." *Id.* ¶ 16.

On December 9, 2025, the Government moved to dismiss. ECF No. 24. It contends the Nation's historical tradition supports disarming persons convicted of felonies, including those whose offenses did not involve violence, and thus forecloses Mr. Reardon's claim. ECF No. 24 at 1. Mr. Reardon filed no opposition.

**II. Article III Standing**

Mr. Reardon seeks declaratory and injunctive relief to restore his "right to keep and bear arms," specifically challenging 18 U.S.C. § 922(g)(1), which makes it unlawful "for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). Because the Court concludes it lacks jurisdiction to reach that question, it does not address whether § 922(g)(1) is unconstitutional as applied to Mr. Reardon.[2]

The parties have not briefed Article III standing. But, because this Court has an "independent obligation" to ensure Mr. Reardon has Article III standing, *see Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009) ("[I]t is well established that the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties"), the Court must first address this issue. *See also McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

Article III confines the jurisdiction of federal courts to "Cases" and "Controversies." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting U.S. Const., art.

[2] The First Circuit recently addressed an as-applied § 922(g)(1) challenge on the merits *in United States v. Levasseur*, No. 24-1687 (1st Cir. Sept. 16, 2026). Because this case is resolved on standing grounds, the Court has no occasion to consider that decision's application to Mr. Reardon's claim.

III, § 2, cl. 1). To establish standing, a plaintiff bears the burden to show they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Standing "must exist at the commencement of litigation" and "continue throughout its existence." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *see Lujan*, 504 U.S. at 569 n.4 (holding that events taking place after filing could not "retroactively create[] a redressability (and hence a jurisdiction) that did not exist at the outset"). In short, an "inquiry into standing must be based on the facts as they existed when the action was commenced." *Roe v. Healey*, 78 F.4th 11, 20 (1st Cir. 2023) (citing *Ramirez v. Sanchez-Ramos,* 438 F.3d 92, 97 (1st Cir. 2006)).

The First Circuit has "emphasize[d] that the facts that matter are 'the facts as they existed at the time the operative complaint was filed.'" *Castro v. Scanlan*, 86 F.4th 947, 954 (1st Cir. 2023) (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 15 (1st Cir. 2004)); *see also Keene Corp. v. United States*, 508 U.S. 200, 207–08 (1993) (rejecting the plaintiff's argument that consideration of the facts should occur as they existed at the time the trial court ruled on a motion to dismiss instead of the time when the complaint was filed). *Castro* illustrates this jurisdictional distinction. In *Castro*, the First Circuit held the plaintiff could not show he "satisfied the injury-in-fact requirement on the basis of developments . . . that occurred after he filed his complaint, even assuming that those developments might suffice to establish that he did have standing as of that time but not before." *Castro*, 86 F.4th at 954.

Before filing this action, Mr. Reardon was before this Court in a criminal matter for which he remained under supervised release at the time of filing his complaint. *See United States v. Reardon*, No. 21-cr-00061, ECF No. 159 (D. Me.). As a condition of release, the Court barred Mr. Reardon from owning, possessing, or accessing firearms, destructive devices, or dangerous weapons. *Id.* at ECF Nos. 159, 201. Mr. Reardon had moved in that case for declaratory and injunctive relief to restore his Second Amendment rights, but that motion did not challenge the firearm-related condition itself, request its modification, or tie its imposition to § 922(g)(1) or the Second Amendment. *See id.* at ECF No. 232.

Mr. Reardon's complaint in this case follows the same course. Although he now alleges his release condition "reinforc[ed] the § 922(g)(1) ban," ECF No. 1 ¶ 16, he did not challenge the condition itself, and he did not contend the Court lacked authority to impose it. Instead, his complaint framed his injury as the inability "to possess firearms for lawful purposes [because he] is barred by § 922(g)(1) due to his non-violent felony convictions." ECF No. 1 at 2 (quotation modified); he did not identify his conditions of release as a source of that bar.

At the time he filed his complaint, the supervised release condition stood between Mr. Reardon and firearm ownership regardless of § 922(g)(1). The condition applied independently of the statute: it neither cited nor depended on § 922(g)(1), and persons serving a term of supervised release "do not enjoy the absolute liberty to which every citizen is entitled." *United States v. Knights*, 534 U.S. 112, 119 (2001) (quotation modified). Accordingly, even if this Court declared § 922(g)(1) unconstitutional as applied to Mr. Reardon and enjoined its enforcement against him, the supervised release condition would have still barred him from possessing a firearm. His requested relief

would not have redressed the injury he alleged. To achieve that aim, Mr. Reardon would instead need to amend his complaint to claim he is no longer subject to the supervised release condition or have challenged, or sought modification of, the firearm condition. *See Conversation L. Found., Inc. v. Acad. Express, LLC*, 129 F.4th 78, 85–86 (1st Cir. 2025) (noting that, if a plaintiff amends their complaint, the court looks "to the amended complaint" to determine whether the plaintiff "had standing as of that date.") (quotation modified); *United States v. Hawkes*, No. CR 22-111, 2023 WL 8433758, at *4 (D. Del. Dec. 5, 2023) ("[T]o redress his alleged injury and restore his right to possess firearms, Defendant would have to challenge the constitutionality of his underlying probation.").

This conclusion follows from the First Circuit's emphasis that "the facts that matter are 'the facts as they existed at the time the operative complaint was filed.'" *Castro*, 86 F.4th at 954 (quoting *Steir*, 383 F.3d at 15)). Because, at the time the operative complaint was filed, Mr. Reardon was subject to the supervised release condition which independently barred his possession of a firearm, the injury pleaded in the complaint was not redressable. *See Castro*, 86 F.4th at 954. "Even assuming" that developments occurring after filing the operative complaint "might suffice to establish [the Plaintiff] did have standing as of that time but not before," the Court must inquire into standing "based on the facts as they existed when the action was commenced." *Id.*; *Roe*, 78 F.4th at 20.[3]

[3] Recently, the First Circuit held that a plaintiff lacked Article III standing to bring a claim challenging the constitutionality of portions of § 922(g) when the plaintiff was independently barred from possessing a firearm by a state court Order for Protection from Abuse ("PO"). *See Taker v. Blanche*, 179 F.4th 96, 103 (1st Cir. 2026). The First Circuit reiterated that standing inquiries focus on the time at which the operative complaint is filed. *See id.* at 102 ("Nor does anything in [the Plaintiff's] complaint indicate that, at the time of its filing, he would seek to obtain a firearm in violation of the PO if the state or federal laws that he is challenging did not bar him from possessing one.").

Given the relief Mr. Reardon sought when filing the complaint would not have invalidated, modified, or otherwise affected the condition that prevented him from possessing a firearm, he has not met his burden to show an injury traceable to § 922(g)(1) that a favorable ruling could remedy. Without a redressable injury, Mr. Reardon lacks Article III standing, and the Court lacks subject-matter jurisdiction over his claim. *See Warth v. Seldin*, 422 U.S. 490, 501–02 (1975) ("If . . . the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.").

## CONCLUSION

For the stated reasons, the Court lacks subject matter jurisdiction over Plaintiff's case. The Court **GRANTS** Defendant's motion to dismiss at ECF No. 24. This case is **DISMISSED** without prejudice.

**SO ORDERED.**

Dated this 24th day of September, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**